# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brandon Cody Sabol, | ) | Case No. 22-177 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Courtney M Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 24-ap- |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

Plaintiff, Brandon Cody Sabol, by and through his attorney, David J. Hinkle, brings the following complaint and alleges as follows:

### I. NATURE OF CASE

1. This is an action to declare the Plaintiff's student loan debt to Defendant(s), the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

### II. JURISDICTION AND VENUE

2. On April 18, 2022, Plaintiff filed the above referenced Chapter 7 bankruptcy.

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

### III. PARTIES

6.   Plaintiff is incarcerated at Elkton Prison in Lisbon, OH but otherwise resides at 62 Wakeman Drive, Martinsburg, WV 25403.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

### IV. STATEMENT OF FACTS

8. Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed approximately $104,780.57. from Defendant in order to finance Plaintiff's education. After payments toward principal and interest of $106,326.88, the current outstanding balance of the student loan(s) is approximately $27,275.34. The subject loans are listed on Exhibit #1 attached hereto.

9. Plaintiff incurred the student loan(s) while attending Bluefield College, Marshall University and West Virginia University where he obtained an undergraduate degree and graduate degrees.

10. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

11.    Since repayment on the student loans began, the debtor has paid $106,326.88 in principal and interest toward his student loans.

12. Plaintiff is incarcerated and was sentenced to 97 months in prison from May 2, 2022.  He has no income and will be unable to resume his profession or likely any related profession after his release.

### V. DETERMINATION OF DISCHARGEABILITY

13. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

14. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987).

To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

15. Plaintiff is unable to make payments on his student loans. After deducting Plaintiff's reasonable and necessary expenses from his income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

16. Plaintiff's current state of affairs is likely to persist, and his financial circumstances are unlikely to materially improve, for a significant portion of the debt repayment period.

17. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding.

18. Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that excepting his student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Respectfully Submitted,

By: */s/David J. Hinkle*
David J. Hinkle , WVSB#9272
Hinkle Law, PLLC
115 Aikens Center, Suite 17
Martinsburg, WV 25404
(304) 596-2423
david@hinklelawpllc.com

**Exhibit #1**

**List of loans with current balances**

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| DIRECT STAFFORD SUBSIDIZED (DEPT OF ED) | $ 3,256.12 | $ 63.12 | IN REPAYMENT |
| DIRECT SUBSIDIZED (DEPT OF ED) | $ 339.44 | $ 6.14 | IN REPAYMENT |
| DIRECT SUBSIDIZED (DEPT OF ED) | $ 1,272.76 | $ 18.51 | IN REPAYMENT |
| DIRECT SUBSIDIZED (DEPT OF ED) | $ 1,911.99 | $ 27.80 | IN REPAYMENT |
| DIRECT GRAD (DEPT OF ED) | $4,478.58 | $0.00 | IN REPAYMENT |
| DIRECT UNSUBSIDIZED (DEPT OF ED) | $15,627.72 | 273.14 | IN REPAYMENT |